Chief Justice Hernández and Justice Aldrey absent.

---

HERNÁNDEZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Conveyance of Rights and Usufruct.

No. 346.—Decided December 11, 1917.

RECORD OF TITLE—PROPERTY ACQUIRED BY WIDOWER.—When it is sought to record in the registry of property the usufruct of a lot and of a house built thereon as the separate property of the person acquiring the same, a widower who alleges that he acquired the property while single, there being some doubt as to whether the land was acquired during wedlock, must show the date of the marriage and that the property belonged to him prior to that date.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

Toribio Hernández, purchaser from Joaquín I. González, appeals from a note of the registrar as follows:

"Record of the foregoing document is denied as to the cession of the usufruct of the land and house thereon situated, because, it appearing from the deed that the purchaser, Joaquín I. González, is at present a widower, it has not been satisfactorily proven by an authentic document that his status at the time of acquisition of the usufruct or at the time he built the house, since, although he alleges that he acquired those rights being single, in which event they should be recorded as private property, and although he tries to corroborate said statement with a certificate issued on the first instant by the secretary and the mayor of Gurabo, that fact cannot be accepted as proven, either by the mere statement of the interested party or by the statement of the officials above mentioned, inasmuch as section 320 of the Civil Code clearly determines the documents which

are necessary to prove the civil status of a person; and as to the sale of the house, because the same is not recorded in the name of the vendor or of any other person, etc.''

Appellant maintains that as the registrar could take notice of the fact of González being a widower, he could also accept the statement that the said González was single at the time of the acquisition of the property. The registrar, knowing that a marriage had intervened, had the proper doubt whether or not the land was acquired when González was married. As there is a presumption that a person is single until the contrary appears and as that presumption was impugned by the intervening marriage, the appellant could have restored the presumption in favor of González by showing the date of his marriage and that the property belonged to said González before that date.

Instead of proving the marriage with the best evidence, the parties brought in two certificates of two officials of Gurabo that González acquired the property in question when he was single. We shall not enter into a lengthy discussion of the mode of proving that a person was single at a given date because we agree with the registrar that the quickest and most satisfactory way of doing so is to prove the marriage.

The note must be

*Affirmed*.

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.